Buford, J.
 

 This case comes here on writ of error from a judgment of peremptory writ in mandamus proceedings in favor of the Sheriff of Washington County against the County Commissioners of Washington County requiring the County Commissioners to pay to the Sheriff certain items of cost.
 

 Amie May Harris was convicted in the County Judge’s Court of Washington County and was sentenced to pay the cost of prosecution ox*, in default thereof, to be imprisoned in the county jail for a period of four months. She immediately procured the execution and delivery to the sheriff of a bond comixxonly known as a "fine and cost bond”, under the provisions of section 6127 Rev. Gen. Stats, of Fla., being brought forward as section 8432 Comp. Gen. Laws 1927.
 

 
 *1143
 
 The due date of the bond arrived and the sureties failed to pay the same. Thereupon, the sheriff, who had taken the bond and approved it, endorsed on the bond that default had been made in the payment and, having signed such endorsement, filed the bond in the office of the Judge of the County Judge’s Court of Washington County and, thereupon, the sheriff proceeded against the person convicted as if no such bond had been given. The doing of this caused costs to accrue in favor of the sheriff in the sum of $30.75.
 

 There is no contention that there is an error or overcharge in the amount of the cost bill presented by the sheriff, but payment of the same was refused upon the theory that the sheriff did not have lawful authority to proceed against the person convicted as if no bond had been given, because, it is contended, that inasmuch as this conviction occurred in the County Judge’s Court the provisions of section 6122 Rev. Gen. Stats., 8427 Comp. Gen. Laws 1927, are not applicable, that the provisions of this section only apply to those bonds which are given under the provisions of Section 6121 Rev. Gen. Stats., 8426 Comp. Gen. Laws 1927, and further because that as no fine was assessed or imposed against the person convicted, .the provision allowing such person to give bond did not apply.
 

 We think there is no merit in either contention. The purpose of the statute is clearly to give a person convicted of crime and who is sentenced to pay a penalty upon such conviction the right to make a ninety .day stay bond by which they may procure their liberty and may have an opportunity to pay the sum assessed against them, either as fine and costs, or as a fine, or as costs. This person was sentenced to pay the costs, or, in default thereof, to serve a period of four months in the county jail. She sought to take advantage of the terms of the statute and filed with
 
 *1144
 
 tbe sheriff a bond with two sureties obligating payment of the costs within ninety days and thereby evading the necessity of then beginning the service of a jail sentence in default of such payment.
 

 As such bonds, are provided to be given in the same manner as provided in section 6121 Rev. Gen. Stats., 8426 Comp. Gen. Laws., it follows that the provisions applying to bonds given under section 6121 Rev. Gen. Stats., 8426 Comp. Gen. Laws, will also apply to bonds given under section 6127 Rev. Gen. Stats., 8432 Comp. Gen. Laws.
 

 When the bond in this case was not paid on or before the expiration of ninety days from the date of its execution, it became the duty of the sheriff to do just what he did do, as hereinbefore stated, and, thereupon, to take the person convicted into custody and to cause such person to begin the service of the sentence as imposed by the court without further orders or procedure.
 

 The convicted person would be entitled to discharge upon the payment of the costs as named in the bond, together with the additional costs which accrued by reason of the default in the payment of the bond. It is all one and the- same case and it is proper for the additional costs accruing to the sheriff by reason of the default in the payment of the bond to be taxed against the convicted person by the County Judge.
 

 In the meantime, such costs constitute a valid claim in behalf of the sheriff against the county and if the fund was available with which to pay the same, it became the duty of the county commissioners to pay the sheriff’s costs bill.
 

 For the reasons stated, the judgment of the circuit court should be affirmed and it is so ordered.
 

 Affirmed.
 

 
 *1145
 
 Whitfield, P. J., and Strum, J., concur.
 

 Terrell, C. J., and Ellis and Brown, J. J., concur in the opinion and judgment.