STATE, *ex rel.* THAD BELL v. W. I. STINSON, Chairman, *et. al.,* Members Board of County Commissioners, Walton County, *et al.*

154 So. 246.

Opinion Filed April 4, 1934.

*S. M. Preacher,* for Plaintiff in Error;

*D. Stuart Gillis,* for Defendants in Error.

BUFORD, J.—The writ of error before us brings for review the judgment of the circuit court in mandamus proceedings wherein and whereby the amended alternative writ of mandamus was quashed.

The record shows that an order was made on the 16th day of August, 1933, quashing the alternative writ and allowing ten days in which to file amended petition.

The record further shows that after the expiration of the ten-day period allowed, no amendment having been filed, the cause was dismissed at the cost of the relator.

The purpose of the suit was to require the board of county commissioners of Walton County to approve for payment certain cost bills, being twelve in number, and summarized as follows:

"(1)   Attending County Judge's Court, August 8th, 1930, *in re* Esther Tuberville, insane, as shown by Exhibit 1 attached hereto...................................... $4.00

"(2) Attending County Judge's Court, September 15th, 1930, *in re* Cleve Dannelly, insane, as shown by Exhibit 2 atached hereto...................... 4.00

"(3) Attending County Judge's Court, September 25th, 1930, *in re* Marion McDonald, insane, as shown by Exhibit 3 attached hereto...................... 4.00

"(4) Attending County Judge's Court, September 26th, 1930, *in re* John McKnight, insane, as shown by Exhibit 4 attached hereto...................... 4.00

"(5) Attending County Judge's Court, October 25th, 1930, *in re* J. W. Simpler, insane, as shown by Exhibit 5 attached hereto.................................. 4.00

"(6) Attending County Judge's Court, September 29th, 1930, *in re* Willie Yeats, insane, as shown by Exhibit 6 attached hereto..................................

"(7) Commitment issued by County Judge's Court for J. R. Hollis, August 21, 1930, on conviction for hunting out of season in Walton County, Florida, August 21st, 1930, as shown by Exhibit 7 attached hereto ........................................ 10.75

"(8) Expenses and mileage reasonably, actually and necessarily incurred *in re* arrest and return of Kermit Helms and Dick Carr, August 12th, 1929, charged with larceny and forgery, as shown by Exhibit 8 attached hereto.................................. 67.50

"(9) Expenses and mileage reasonably, actually and necessarily incurred *in re* arrest and return of Edison Carr, August 20th, 1929, charged with larceny of auto, as shown by Exhibit 9 attached hereto .............................................................. 92.90

"(10) Expenses reasonably, actually and necessarily incurred by payment to Doctors Murphy and

Lisenby in Atmore, Alabama, for services and hospital bill for Reuben Commander, as shown by Exhibit 10 attached hereto............................................. 20.00

"(11)  Expenses reasonably, actually and necessarily incurred in arresting and returning Lloyd Anderson, September 26, 1930, as shown by Exhibit 11 attached hereto......................................... 92.90

"(12)  Expenses and mileage reasonably, actually and necessarily incurred in arresting and endeavoring to return Jack Chapman from the State of Utah to the State of Florida, but who was released, over the protest of Thad Bell, Sheriff, and your Relator herein, as shown by Exhibit 12, attached hereto ............................................................. 788.49

"Total ..................................................................$1,096.54"

Copies of the cost bills are attached to the petition and alternative writ and by apt language made parts thereof.

The record fails to show that proof has been submitted to the board of county commissioners by which they have been enabled to ascertain the facts required to be ascertained by them as a prerequisite to the duty to approve for payment a bill for fees, costs and expenses to be paid by the county.  Sections 6169, R. G. S., 8483, C. G. L., and 6170, R. G. S., 8484, C. G. L.  Therefore, this case is not controlled by the result which obtained in the case of State, *ex rel.* Campbell v. Board of County Commissioners of Bay County, 81 Fla. 741, 88 Sou. 704, or in Farrior v. Lancy, 100 Fla. 1141, 130 Sou. 715.

The several statements, or bills, copies of which are above referred to, taken with all the allegations of the alternative writ are too vague, indefinite and uncertain to

warrant the Court in holding that it had thereby been made clearly to appear that it was the duty of the board of county commissioners to approve the bills as presented and, therefore, there was no error in the judgment quashing the writ.

Perhaps the judgment should have stated that it was without prejudice to the petitioner's right to file and maintain law action on his alleged claims and we now grant leave to the circuit judge to so modify the judgment, if it should be so desired.

The judgment should be affirmed, with leave to modify. It is so ordered.

Affirmed.

WHITFIELD, ELLIS and TERRELL, J. J., concur.