JIM CARVER, *et al.*, v. STATE.

183 So. 719.

Opinion Filed October 12, 1938.

*Dickinson & Dickinson,* for Plaintiffs in Error;

*Noah B. Butt,* for Defendant in Error.

WHITFIELD, P. J.—The plaintiff in error upon a plea of guilty to an information charging that he did unlawfully engage in the business of manufacturing liquor containing more than 3.2 per cent. of alcohol by weight without first obtaining a license therefor, was adjudged to be guilty and sentenced to pay a fine of $200.00 and costs and in default thereof to be confined in the county jail for three months.

As authorized by the statute, the defendant gave bond with two sureties to pay the fine in ninety days. Secs. 8426-7 C. G. L.

Before the expiration of the ninety days, the defendant surrendered to the sheriff of the county and began serving his alternative term of imprisonment in the county jail. After the expiration of the ninety days, the sheriff certified that the bond had been forfeited. Execution was issued on the bond and in a statutory proceeding alleging the ille-

gality of the execution, a judgment was rendered against the sureties on the bond. Writ of error was taken.

As the sentence was to pay the fine and costs or, as an alternative, to be confined for three months in the county jail, a double penalty was not required by the sentence; and as the defendant surrendered to the sheriff of the county and began serving the alternative sentence of confinement in the couty jail, the execution should not be enforced while the defendant is serving the alternative sentence. If the alternative sentence to confinement in the county jail is fully satisfied, the bond should be duly canceled. This could be controlled in the adjudication of the alleged illegality of the execution.

In Laney v. State, *ex rel.,* 100 Fla. 1141, 130 So. 715, the defendant did not surrender and begin serving the alternative sentence of confinement in the county jail before the bond was defaulted.

The judgment is reversed and the cause is remanded for appropriate proceedings.

ELLIS, C. J., and TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.