BARNS, PAUL D., Associate Judge.
After a forfeiture of a bail bond the surety petitioned the court for a remission of the forfeiture because the principal had been surrendered and was in custody to commence serving his sentence. The surety’s petition was denied whereupon it appealed. We find error and reverse.
One Joe H. Byrnes having been convicted in each of three cases in the Circuit of Pinellas County was sentenced to pay a fine of $1000 and cost in each case and in default of the payment of said fines and cost, was sentenced to be imprisoned. Thereafter Byrnes, as principal, and Allegheny Mutual Casualty Company, as surety, entered into a 90 day “fine and cost” bond in the sum of $3,104.20 conditioned to pay to the sheriff $3000 and costs in the three cases.
The bond was made pursuant to section 921.15 F.S.A. which provided that one, after being convicted and sentenced to pay “a pecuniary fine” has the right to give bail by bond in the amount of the fine and cost payable in 90 days thereafter; and that in default of such payment the sheriff shall, after endorsement on it that default has occurred, file the bond with the clerk of the court, which clerk shall forthwith issue execution; and that the “person convicted shall be liable to be proceeded against, as if no such bond had been given, until the same has been fully paid and satisfied.”
The sheriff endorsed the bond to be in default and filed it with the clerk of the circuit court on December 12, 1962, whereupon the clerk on the same day issued execution; then on January 7th, 1962 the surety, (Allegheny Mutual) filed its sworn petition reciting that the defendant Byrnes was unable to pay the fines and that petitioner had surrendered Byrnes to the sheriff to begin serving the alternative prison sentence for which reasons the “judgment”' issued against petitioner and the bond-should be cancelled. The lower court after finding the bond to be in default and that the defendant Byrnes was in custody to. start serving his sentences denied the surety’s petition; in denying the petition the-order recited:
“Section 921.15 F.S. is clear and unambiguous and makes no provision for the appearance or surrender of the defendant in case of default. It contemplates an unconditional undertaking to-pay the fine and costs and may be satisfied, after default, only by payment. It may be that, before default, the defendant may surrender himself for-service of, the alternate sentence and, after service thereof, thus exonerate-said bond: Carver v. State, 134 Fla. 232, 183 So. 719. No such authority is given the surety and certainly not after default. After default the undertaking is final, definite and due, as far as the surety is concerned.”
As stated in Laney v. State, 100 Fla. 1141, 130 So. 715, in reference to the same statute as now known as section 921.15 F. S.A. stated: “The purpose of the statute is clearly to give a person convicted of crime, and who is sentenced to pay a penalty upon such conviction, the right to make-a ninety-day stay bond by which he may procure his liberty and may have an opportunity to pay the sum assessed against-him * * *.”
Carver et al. v. State, 134 Fla. 232, 183 So. 719, was a case wherein a fine with an alternative sentence of imprisonment was- *887 Imposed on Carver who thereupon gave a ninety day “stay bond” and was released; but before the expiration of the ninety days he surrendered and commenced serving his alternative term of imprisonment. Yet notwithstanding the imprisonment the sheriff upon expiration of the ninety days certified the default in payment of the bond to the court; the lower court entered judgment and execution on the bond against the sureties on the bond. Upon review the supreme ■court reversed and held:
“As the sentence was to pay the fine .and costs or, as an alternative, to be •confined for three months in the county jail, a double penalty was not required •by the sentence; and as the defendant ■surrendered to the sheriff of the county and began serving the alternative sentence of confinement in the county j ail, the execution should not be enforced while the defendant is serving the alternative sentence.”
In United States v. Feely (1813 C.C.) 1 Brock, 255, 259, 25 Fed.Cas. 1055, No. 15, 082, Chief Justice Marshall, referring to the “power” of the court to remit a forfeiture, says:
“It is not an unreasonable power. The object of a recognizance is, not to enrich the treasury, but to combine the administration of criminal justice with the convenience of a person accused, ■but not proved to be guilty. If the accused has, under circumstances which show that there was no design to evade ■the justice of his country, forfeited his •recognizance, but repairs the default as ■.much as is in his power, by appearing .at the succeeding term, and submitting 'himself to the law, the real intention rand object of the recognizance are effected, and no injury is done.”
It does not appear that the lower .. court assumed that it was vested with pow- ■ er to exercise any discretion in remitting the forfeiture of the bond, which had been • duly forfeited because of a breach of its terms. In this respect the court was vested with power to remit the forfeiture either absolutely, partially or conditionally if justified in the exercise of “sound judicial discretion,” which term connotes no hard and fast rules but requires that such discretion be not exercised arbitrarily, but with regard to what is right and just under the circumstances and the law, governed by reason and the conscience of the judge to a just end. Some of the factors to be considered are whether the petition for remission was timely, whether the state has lost a substantial right by reason of the breach of the bond or suffered otherwise, whether the very thing intended to be accomplished by the bond had already been obtained in effect, even though not in accordance with the strict letter of the obligation. Cf. Annotations, 84 A.L.R. 420, United States v. Jenkins, 4 Cir., 176 F. 672.
The judgment appealed from is vacated and the cause remanded for reconsideration and redetermination, without award of costs to appellants.
KANNER, Acting C. J., and ALLEN, J., concur.