STURGIS, Judge.
The appellant surety on a bail bond brings this appeal to review a final decree of the Circuit Court of Duval County denying its petition in chancery to vacate or stay execution upon a judgment for $5,013.00 entered July 24, 1964, by said court against appellant and in favor of appellee pursuant to Chapter 903, Florida Statutes, F.S.A., on the basis of a certified copy of an order of the Criminal Court of Record of said county forfeiting said bond for failure of the principal, T. W. Vaughn, to appear in the Criminal Court of Record at the time specified by the bond to answer a criminal charge therein pending against him. The decree appealed noted the fact that the forfeiture was not paid prior to entry of the judgment and on that basis held that no remission of the forfeiture could be granted.
Section 903.271, Florida Statutes, 1963, F.S.A., provides that no remission shall be made where a forfeiture has been reduced to judgment. The point of law involved as stated by appellant and accepted by appellee is whether or not said statute operates, under the agreed facts of this collateral attack in equity, to preclude the Circuit Court from staying execution upon or remitting said judgment. It is fundamental that if there was no error in dismissing the complaint, the reason given by the chancellor for such action, though erroneous, is immaterial and will not serve as a ground for reversal. In view of this rule we are unwilling to so narrowly restrict the issue on this appeal as indicated by the parties
The decree appealed rests exclusively upon the pleadings and a stipulation of agreed facts to the following effect:
(1) That the judgment sought to be vacated was entered by the clerk of the Circuit Court pursuant to Chapter 903, Florida Statutes, F.S.A., following the receipt from the clerk of the Criminal Court of Record of Duval County, Florida, of a certified copy of its order forfeiting the subject bail bond for failure of the principal, T. W. Vaughn, to appear “on the 23rd day of Tune, 1964” to answer a criminal charge therein pending against him. It was the condition of the bond that the said T. W. Vaughn “shall appear at the next Regular or Special term of the Duval County Criminal Court of Record-Call of Court.”
(2) That appellant did not pay said forfeiture prior to entry of said judgment of the Circuit Court on July 24, 1964.
 (3) That neither the principal nor the surety on said bond was notified (other than by the terms of the bond) of the time said principal was to appear in said Criminal Court of Record, nor was appellant given any independent notice of the forfeiture of said bond or the entry of said judgment until after the judgment was entered. (This provision of the stipulation is assumed to have reference to the fact that no separate notice was given to the appellant surety of the specific date upon which the “next Regular or Special term of the Duval County Criminal Court of Record” was due to commence, that being the day on which the principal was required to appear. In any event, it is immaterial because, as above noted, the stipulation elsewhere admits that the date *213 fixed by the bond for Vaughn’s appearance was June 23, 1964. There is no requirement of law that independent notice be given to the obligors on a bail bond of the entry of an order forfeiting the bond for breach of its conditions or of entry of a judgment under Chapter 903, Florida Statutes, F.S.A., consequent upon such forfeiture.)
(4) That at the term of the Criminal Court of Record immediately following the forfeiture of said bond, T. W. Vaughn did appear before the Criminal Court of Record to answer the criminal charge pending against him, and the same was thereupon disposed of “without injury to the State of Florida.” (The implication of the quoted clause is not clear and in any event its effect is dubious.)
Appellant relies for reversal on Bryan v. State, 156 So.2d 885 (Fla.App.2d 1963). Bryan is inapplicable because it involves an interpretation of Section 921.15, Florida Statutes, F.S.A., which relates only to fine and costs bonds given by persons who upon conviction of crime have a pecuniary fine or sum of money assessed against them as alternate punishment to imprisonment, and who by such bonds are afforded an opportunity within a specified time to pay the fine and/or costs imposed as an alternate to the term of imprisonment. In that case the bond was forfeited for failure of the principal to pay the fine and costs secured thereby and the principal was surrendered to custody to serve the alternate sentence. The lower court held that under the act the default in payment of the bond could be satisfied only by strict compliance of the surety with the undertaking to pay the fine and costs secured thereby. On appeal the district court reversed, holding that the trial court had power to remit the forfeiture absolutely, partially, or conditionally as justified in the exercise of sound judicial discretion, and in that connection said:
“Some of the factors to be considered are whether the petition for remission was timely, whether the state has lost a substantial right by reason of the breach of the bond or suffered otherwise, whether the very thing intended to be accomplished by the bond had already been obtained in effect, even though not in accordance with the strict letter of the obligation.”
No pertinent factor of that character exists in the instant case.
Appearance bonds'are designed as a convenience to the person accused and not as yet proven guilty. Implicit in the transaction is an understanding that it is the responsibility of the trial court, in the efficient performance of its duties as well as in the interest of the taxpaying public, to expeditiously transact the public business and mete out justice under the law. In enacting Chapter 903, Florida Statutes, dealing with bonds of the type here involved, the legislature very liberally provided the means by which the surety after default can be excused from immediate compliance with its obligation under the bond, and indeed, by which to escape that obligation upon curing the default prior to judgment. It cannot be assumed, in the face of the restriction imposed by Section 903.271, that it was the legislative intent to allow remission of the judgment under the circumstances of this case. To do so would seriously impair the administration of justice by encouraging delay in the trial of criminal cases, and render meaningless the clear obligation of the contract evidenced by the bond. In any event, if such is desirable, it is for the legislative rather than the judicial branch to so provide.
 It is unnecessary on this appeal to pass upon rhe question of whether Section 903.271, Florida Statutes, F.S.A., is an effective bar under all circumstances against the power of the court to relieve against a judgment entered under Chapter 903, Florida Statutes, F.S.A. Each case must, of course, stand upon its peculiar *214 facts and circumstances. We do hold that the appellant in this case has failed to demonstrate an abuse of discretion in the court’s denial and dismissal of the subject petition.
The decree appealed is
Affirmed.
WIGGINTON, Acting C. J., and CARROLL, DONALD K., J., concur.