418 So.2d 378 (1982)
ACCREDITED SURETY & CASUALTY COMPANY, INC., Appellant,
v.
STATE of Florida; Sidney Leonard Jaffe and Putnam County, Florida, Appellees.
No. 81-1657.
District Court of Appeal of Florida, Fifth District.
August 18, 1982.
*379 James A. Edwards, of Rumberger, Kirk, Caldwell & Cabaniss, P.A., Orlando, for appellant.
Ronald E. Clark, Palatka, for appellees.
DAUKSCH, Judge.
This is an appeal from an order regarding an appearance bond in a criminal case.
Sidney Leonard Jaffe was charged with twenty-eight counts of unlawful land sales practices. Appellant, as surety, filed multiple appearance bonds totalling $137,500 on Jaffe's behalf. Jaffe's trial was scheduled to begin on May 18, 1981; however, his surety was never notified of the scheduled trial date. On May 18, 1981, counsel for Jaffe appeared before the court and stated his client was still in Toronto, Canada because he had recently suffered a concussion and it would be medically dangerous to make the trip to Florida. The trial court rejected the excuse and estreated the bond without notice to the surety. On June 29, 1981 the trial court entered a final judgment in favor of the State of Florida for the use and benefit of Putnam County against appellant on the forfeiture of the appearance bonds in the amount of $137,500. The first notice that the appellant had of any of this activity was the notice of entry of final judgment against it.
On August 7, 1981 appellant filed a motion to set aside the judgment citing as grounds the absence of pre-forfeiture and post-forfeiture notice and Jaffe's physical infirmities and requested that the court give appellant some hope that if it produced the defendant the forefeiture would be remitted.
On September 18, 1981 the court vacated the final judgment on the following terms:
(a) That the surety, the Accredited Surety & Casualty Company, pay over to Harry W. Odom of Palatka, Florida, who is hereby designated escrow agent of this court and of the Board of County Commissioners of Putnam County, Florida, the sum of one hundred thirty-seven thousand five hundred dollars ($137,500.00), to be deposited by the said Harry W. Odom, as escrow agent, in a certificate of deposit or other account, which will produce the greatest practical income for a period of not less ninety (90) days, and thereafter, hold the said one hundred thirty-seven thousand five hundred dollars ($137,500.00) plus income produced thereon to be reinvested or disbursed only upon order of this court or its successors.
(b) That the surety, the Accredited Surety & Casualty Company, produce the defendant, Sidney Leonard Jaffe, before this court within ninety (90) days hereof; and that said surety report to this court at thirty (30) day intervals of the progress made toward producing said defendant.
(c) That by the payment of the said sum, the surety, the Accredited Surety and Casualty Company, waives all exceptions to and rights to appeal from the order of estreature entered herein on May 18, 1981.
(d) That upon final order of disbursement herein, income earned upon said deposit shall be divided proportionately.
2. That the surety, the Accredited Surety and Casualty Company, is given leave hereby to petition the court according to the law for the relief as provided by law.
The hearing which resulted in the agreement recited in the order above was not recorded.
Appellant "paid over" the required sum and returned Jaffe to the Putnam County *380 Jail on September 24, 1981. Jaffe was convicted of the twenty-eight counts previously charged.
On November 16, 1981 appellant filed a motion for remission of forefeiture pursuant to section 903.28, Florida Statutes (1979). At the hearing on the motion the county argued at length that Chapter 903 was not controlling because the parties were here pursuant to a tri-party agreement and the trial court had complete discretion to apportion the bond money as it saw fit. The trial court also apparently believed there was a tri-party agreement among the county, the court and the bonding company waiving all deficiencies prior to the date of the rendition of the order incorporating the agreement.
Appellant's position was that the parties agreed to vacate the judgment and left everybody in their position as provided by law. The court agreed in that statement; however, the trial court also believed the effect of the order was to leave him with complete discretion.
Following the hearing the trial court entered an order reciting its understanding that Chapter 903 was not controlling in the cause and awarding $37,500 to the appellant plus interest earned thereon and $100,000 plus accrued interest to Putnam County. Appellant brings a timely appeal.
The applicable sections of Florida Statutes are recited below: Section 903.27, Florida Statutes (1979) states:
(1) If the forfeiture is not paid or discharged within 30 days and the bond is secured other than by money and bonds authorized in s. 903.16, the state attorney shall file a certified copy of the order of forfeiture with the Clerk of the Circuit Court for the county where the order was made. The clerk shall enter a judgment against the surety for the amount of the penalty and issue execution. The clerk shall furnish the surety company at its home office a certified copy of the judgment within 10 days. If the judgment is not paid within 60 days, the clerk shall furnish the Department of Insurance two certified copies of the judgment and a certificate stating that the judgment remains unsatisfied.
(2) After notice of judgment against the surety given by the clerk of the circuit court, the surety or bail bondsman may within 45 days file a motion to set aside the judgment. The court entering the judgment may at any time set aside the judgment in whole or in part for reasonable cause shown. During the pendency of such motion the court may stay execution on judgment or other process.
and section 903.28, Florida Statutes (1979) states:
(1) Within 1 year after forfeiture, the court may direct a partial or complete remission for reasonable cause. On application within 1 year from forfeiture, the court shall order remission if it determines that there was no breach of the bond. If the surety apprehends and surrenders the defendant within 1 year from forfeiture, the court shall order the forfeiture remitted unless the delay has thwarted the proper prosecution of the defendant.
(2) Application for remission must be accompanied by affidavits setting forth the facts on which it is founded. The State Attorney must be given 5 days notice before a hearing on an application and be furnished copies of all papers. Remission shall be granted on the condition of payment of costs unless the ground for remission is that there was no breach of the bond.
Appellant argues persuasively that the first judgment was wholly void or at least voidable because of a lack of both pre-forfeiture and postforfeiture notice. Because of the lack of pre-forfeiture notice the trial court was duty bound to vacate the judgment when the appellant made a timely motion. In Re: Estate of Maltie v. State, 404 So.2d 384 (Fla. 4th DCA 1981) (Order and forfeiture judgment reversed when no notice of scheduled appearance given); Weaver v. State, 370 So.2d 1236 (Fla. 2d DCA 1979) (Failure to give post-forfeiture notice can constitute good cause *381 to remit a forfeiture); Schaefer v. State, 369 So.2d 443 (Fla. 3d DCA 1979) (Order and judgment reversed for lack of pre-forfeiture notice); Caivano v. State, 331 So.2d 331 (Fla. 2d DCA 1976) (Order of forfeiture and judgment reversed for lack of pre-forfeiture notice); Resolute Insurance Company v. State, 269 So.2d 770 (Fla. 3d DCA 1972) (Order denying appellant's Motion to Set Aside Judgment and Discharge surety on grounds of lack of notice reversed);
In Ryan v. State, 380 So.2d 539 (Fla. 5th DCA 1980) this court held that lack of post-forfeiture notice does not require that an order of estreature be set aside; however, this court's decision in Ryan was predicated on the fact that Ryan had pre-forfeiture notice of the defendant's scheduled appearance.
Appellant argues that the effect of vacating the judgment was to reinstate the appellant's right pursuant to section 903.28 to have the forfeiture remitted by apprehending and surrendering the principal which appellant did. Subsection 903.28(1) states in part "if the surety apprehends and surrenders the defendant within 1 year from forfeiture, the court shall order the forfeiture remitted unless the delay has thwarted the proper prosecution of the defendant." (Emphasis added). Appellees never made an attempt to show that the delay thwarted the proper prosecution of Jaffe.
Vacating the judgment was crucial to the appellant's claimed right to remission pursuant to section 903.28 because a sister court has held that once a forfeiture judgment is rendered only section 903.27 dealing with setting aside the judgment is operative. Resolute Insurance Company v. State, 289 So.2d 456 (Fla. 3d DCA 1974). However, in Resolute the time for filing a motion to set aside the judgment pursuant to section 903.27 (45 days) had already run. Thus, the court was not confronted with the situation before this court. Once a judgment has been vacated pursuant to subsection 903.27(2) or Florida Rule of Civil Procedure 1.540(b) are appellant's rights pursuant to 903.28 reborn if the one year time limit has not run? United Bonding Insurance Company v. State, 242 So.2d 140 (Fla. 1st DCA 1970) indicates that those rights are in fact reborn if the whole judgment is set aside. In United Bonding the court held that a judgment entered after a forfeiture was paid was void under section 903.27 and section 903.28 applied to the facts in that case. Logically, because forfeiture statutes are to be strictly construed, Ferlita v. State, 380 So.2d 1118 (Fla.2d DCA 1980), failure to give the statutorily required pre-forfeiture and post-forfeiture notice would also make the subsequent judgment void or at least voidable upon notice of judgment and entitle appellant to the rights afforded it under 903.28.
Appellant did return the principal, Sidney Jaffe, within one year of forfeiture and should be entitled to a complete remission less costs. The trial court and the appellees were under the impression that the trial court's order vacating the judgment incorporated an agreement between the parties which takes the case outside the parameters of Chapter 903 and makes the trial court's decision regarding apportionment of the "res" wholly discretionary. Even if appellee's interpretation of the agreement between the parties and the court is correct, as appellant points out "judicial discretion" does not permit the trial court to act out of whim or caprice without regard to what is right and just under the circumstances. Bryan v. State, 156 So.2d 885 (Fla. 2d DCA 1963). There is not a case in this state dealing with substantially similar facts; however, at least one federal court has held that the remission of only $75,000 of a $100,000 bond was an abuse of discretion when the defendant's failure to appear resulted in a government search and subsequent apprehension after only four hours. The Eighth Circuit held that the trial court should have remitted $99,000 of the $100,000 bond. Appearance Bond Surety v. United States, 622 F.2d 334 (8th Cir.1980).
Appellant construes "costs" in section 903.28(2) to mean the costs incurred as a result of the failure of the defendant to *382 appear and/or costs incurred in obtaining his return. There are apparently no cases construing what is meant by costs in subsection 903.28(2); however, appellant's construction is logical. In the case at bar the only evidence of costs incurred by the State is an unsigned affidavit detailing costs which may have been incurred as a result of the delay but which may also include, improperly, the cost of prosecuting defendant Jaffe. Additionally, the record contains an unverified bill in the amount of $2,000 by counsel for the county for legal fees in this matter.
We reverse the order appealed and remand this case to the trial court to determine the actual costs expended, if any, by the county as a direct result of the non-appearance of Jaffe. In this case, these costs shall not include any attorney's fees for the county attorney and this court will not award fees to the appellant, although we have been requested to do so.
REVERSED AND REMANDED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.