DIAMANTIS, Judge.
Jack’s Bail Bonds, Inc. and Accredited Surety and Casualty Company, Inc. appeal the final order entered by the trial court remitting seventy-five percent of the amount of an appearance bond. We reverse and remand for further proceedings.
Accredited was the surety on an appearance bond for defendant, Sylvester Gillion. This appearance bond was issued by its agent, Jack’s Bail Bonds. When defendant failed to appear in court for his arraignment, the bond was forfeited.[1] Jack’s Bail Bonds secured the arrest and surrender of the defendant eleven days after he failed to appear. Jack’s Bail Bonds, on behalf of Accredited and Gillion, then applied for discharge of the forfeiture pursuant to section 903.26(5)(c) of the Florida Statutes (1989).[2] Attached to its motion to set aside the judgment estreating the bond was an affidavit outlining the efforts of Jack’s Bail Bonds in attempting to procure the defendant’s appearance at trial as well as the efforts expended in arresting the defendant after he failed to appear. The trial court conducted a hearing on the motion. The trial court denied this motion but ordered remission of seventy-five percent of the amount of the appearance bond pursuant to section 903.28(8) of the Florida Statutes (1989). The trial court assessed twenty-five percent of the bond as costs. Jack’s Bail Bonds and Accredited filed a motion for rehearing which was denied by the trial court. This appeal followed.
Section 903.28 of the Florida Statutes authorizes the remission of forfeiture:
903.28 Remission of forfeiture; conditions.—
* * * * * *
(2) If the defendant surrenders or is apprehended within 90 days after forfeiture, the court, on motion at a hearing upon notice having been given to the county attorney and state attorney as required in subsection (8), may direct remission of up to, but not more than, 100 percent of a forfeiture if the surety apprehended and surrendered the defendant ... and the delay has not thwarted the proper prosecution of the defendant.
* * sfc ⅝ * ⅛
(8) An application for remission must be accompanied by affidavits setting forth the facts on which it is founded_ Remission shall be granted on the condition of payment of costs, unless the ground for remission is that there was no breach of the bond.
The trial court remitted the forfeiture, however the court ordered that only seventy-five percent of the bond would be re *304 turned. The court ordered that costs in the amount of twenty-five percent of the bond be assessed. Jack’s Bail Bonds and Accredited argue that this decision was improper because no evidence was presented concerning the actual costs incurred in this case.
In Accredited Surety & Casualty Company, Inc. v. State, 418 So.2d 378, 382 (Fla. 5th DCA 1982), this court ruled that before conditioning remission of a bond on the payment of costs the trial court must receive evidence and determine the actual costs expended by the county as a direct result of the defendant’s failure to appear. Here, the trial court arbitrarily and without receiving any evidence held that costs expended, if any, by the county as a result of the nonappearance of Gillion amounted to twenty-five percent of the bond. Since the record supports Jack’s Bail Bonds’ and Accredited’s claim that no evidence was presented concerning the actual costs incurred in this case, the order of the trial court must be reversed and this matter remanded for a determination of such costs.
Putnam County argues that the ruling in Accredited is inapplicable because in that case the court was interpreting the 1979 bond remission statute. The language in the 1979 statute states that the trial court “shall” order remission whereas the 1989 statute states that the trial court “may” direct remission. Putnam County argues that due to this change in language “the statutory mandate to award full remission has been absolved.” This argument is not persuasive. In Accredited this court did not base its ruling upon the mandatory language set forth in the statute but instead determined that evidence of actual costs was necessary in order to justify an assessment of costs because “judicial discretion does not permit the trial court to act out of whim or caprice without regard to what is right and just under the circumstances.” Accredited Surety & Casualty Company, Inc. v. State, 418 So.2d at 381.
We note that in this case the trial court did not proceed under section 903.28(2) regarding the amount of the remission and, consequently, the extent or limit of the trial court’s discretion under that section is not before us.
We reverse the order of the trial court and remand this case for further proceedings to determine the actual costs expended, if any, by the county as a direct result of Gillion’s failure to appear.
REVERSED and REMANDED.
GOSHORN and HARRIS, JJ., concur.

. § 903.26(2)(b), Fla.Stat. (1989).

. Section 903.26(5)(c) provides:
903.26 Forfeiture of the bond; when and how directed; discharge; how and when made; effect of payment.
⅜ ⅛ * ⅛ ⅜⅝ ⅜⅛
(5) The court may discharge a forfeiture within 35 days upon:
[[Image here]]
(c) Surrender or arrest of the defendant if the delay has not thwarted the proper prosecution of the defendant. If the forfeiture has been before discharge, the court shall direct remission of the forfeiture. The court shall condition a discharge or remission on the payment of costs and the expenses incurred by an official in returning the defendant to the jurisdiction of the court.