# STATE OF FLORIDA v ZATAAR

## Case No. 90-6737-CFAES

Seventh Judicial Circuit, Volusia County

April 9, 1991

### APPEARANCES OF COUNSEL

**Sam Easterbrook,** Assistant State Attorney, for plaintiff.
**Gregory Wagner, Esquire,** for defendant.

### OPINION OF THE COURT

SHAWN L. BRIESE, Circuit Judge.

THIS CAUSE came before this Court on March 25, 1991 pursuant to the State's Motion for Costs. This Court, pursuant to testimony elicited, argument of counsel, submitted case authority, and further research finds as follows:

Defendant, Aziz Zataar, was charged by information with Aggravated Assault, a third degree felony. This Court, on January 25, 1991, subsequent to a jury finding of guilt on the lesser included offense of Improper Exhibition of a Dangerous Weapon or Firearm, a first degree

misdemeanor, withheld adjudication and placed defendant on six months probation, ordering as one of the special conditions of probation, payment of costs of prosecution. The specific amount was to be determined at a subsequent hearing.

This Court, pursuant to the March 25, 1991 hearing, has determined that reasonable investigative costs by the Port Orange Police Department are $316.55. Section 939.01(1) and (9) *Fla. Stat.* (1989).

The reasonable cost to the State to have the Assistant State Attorney prosecute the case is $545.79. The issue that remains is whether those attorney fees fall within the concept of § 939.01 *Fla. Stat.* costs of prosecution. Courts including Florida have recognized a difference between costs ("an allowance to a party of expenses incurred in the successful transaction or defense of a suit") and attorney fees ("compensation to an officer for services rendered in the progress of the case"). The ability to recover attorney fees as costs must be authorized by statute. *Dade County v Strauss,* 246 So.2d 137 (Fla. 3d DCA 1971). See also *Certain Lands v City of Alachua,* 518 So.2d 386 (Fla. 1st DCA 1987) and *Lindsey v Dykes,* 175 So. 792 (Fla. 1937). The Court in *Accredited Sur. & Cas. Co., Inc. v State,* 418 So.2d 378 (Fla. 5th DCA 1982) construing § 903.28 *Fla. Stat.* providing for bond remission minus costs, indicated that county legal fees would not be properly included in reasonable costs.

Section 939.01(1) *Fla. Stat.* (1989) provides, "In all criminal cases the costs of prosecution . . . shall be included and entered in the judgment rendered against the convicted person." Subsection (9) specifies that "costs shall include actual expenses incurred in conducting the . . . prosecution of the criminal cases; however, costs may also include the salaries of permanent employees." The expense of having an Assistant State Attorney prosecute the instant case is a statutorily authorized reasonable cost of prosecution.

The above described costs of prosecution can be imposed against the defendant herein as a condition of probation despite the withholding of adjudication. *Clinger v State,* 533 So.2d 315 (Fla. 5th DCA 1988) and *Smith v State,* 543 So.2d 348 (Fla. 5th DCA 1989).

Defendant's position that no costs of prosecution or a lesser amount is appropriate based on the fact that the jury found him guilty of a misdemeanor rather than the charged felony is without merit since the statute does not authorize the apportionment of costs. Likewise there was no showing that the above described costs were not properly incurred in the prosecution and the jury's resultant finding of guilt of the misdemeanor. It should also be noted that the defense failed to address its statutory burden. See § 939.01(6) *Fla. Stat.* (1989).

120

Based on the above and foregoing, it is hereby:

ORDERED and ADJUDGED that defendant is to pay $316.55 to the Port Orange Police Department and $545.79 to the Seventh Judicial Circuit's State Attorney's Office as a condition of probation no later than thirty (30) days prior to the expiration of probation.

DONE and ORDERED in Chambers at Daytona Beach, Volusia County, Florida this 9th day of April, 1991.