STRINGER, Judge.
Appellant, Clearwater Bonding Agency, attorney in fact for Accredited Surety & Casualty Co. (Accredited), appeals an order denying its motion for reconsideration of costs. Accredited asserts that the trial court erred in requiring it to pay a predetermined flat fee as a condition for setting aside a bond forfeiture. We reverse.
Accredited, through its agent Clear-water Bonding Agency, posted a surety bond in the amount of $2500 for a defendant who subsequently failed to appear for pretrial conference. The trial court issued a capias and ordered the clerk of court to forfeit the defendant’s bond. Later the same day, the defendant voluntarily appeared before the trial court. The trial court executed the capias, and the defendant was incarcerated.
Accredited moved to set aside the bond forfeiture pursuant to section 903.26, Florida Statutes (1999). On December 8, 1999, the trial court entered an order discharging the bond forfeiture and vacating the bond conditioned upon the payment of $3 to the clerk of the court as costs. On December 20, 1999, the trial court sua sponte amended its order with the only change being an increase of the costs imposed from $3 to $40. The $40 fee was imposed based upon a fee schedule developed by the criminal law administrative judge for the Sixth Judicial Circuit. The $40 fee represented the costs to the clerk of court for the issuance of the capias and the processing of the requested forfeiture paperwork.
On January 7, 2000, Accredited filed a motion for reconsideration of costs. In its motion, Accredited contended that the $40 fee was arbitrary and not statutorily authorized. The trial court denied the motion as being untimely because it was filed more than ten days from the date the amended order was entered in violation of Florida Rule of Civil Procedure 1.530(b). While we agree that Accredited’s motion was untimely, we conclude that the trial court lacked jurisdiction to amend its final order.
Florida Rule of Civil Procedure 1.530(d) gives the trial court ten days to amend a final judgment on its own motion. In this case, the trial court amended the final order more than ten days from the date the order was entered. Thus, the trial court lacked jurisdiction to amend the final order. See Bolton v. Bolton, 787 So.2d 237 (Fla. 2d DCA 2001) (holding that the trial court lacks jurisdiction to correct *903 judicial errors if not corrected within ten days after entry of the final judgment). Accordingly, we vacate the amended order.
Additionally, we mention that this court has already decided the issue of what costs are to be charged against a bail bondsman in setting aside a bond forfeiture. In Easy Bail Bonds v. Polk County, 784 So.2d 1173 (Fla. 2d DCA 2001), we held that the only costs that can be accessed against a bail bondsman are costs incurred by the sheriffs office in actually returning a defendant from the county of arrest to the county of jurisdiction. Thus, the predetermined $40 fee imposed in the amended order was improper.[1] We recognize that the trial court was without the benefit of our opinion in Easy Bail Bonds at the time it entered its amended order.
Amended order vacated.
BLUE, C.J., and DAVIS, J., Concur.

. Because Accredited does not challenge the imposition of the $3 in costs imposed in the original order, we express no opinion on the appropriateness of that fee.