# DECISIONS

## OF THE

# Supreme Court of Florida.

## JANUARY TERM, 1915

SUSAN E. ROESSLER, AS EXECUTRIX, *Appellant*, v. F. C. ARMSTRONG, *et al., Appellees.*

Opinion Filed January 15, 1915.

Where the note does not provide for attorney fees, and the express covenants of the mortgage, given to secure the payment of the note, provide for attorney fees only when collection is "by foreclosure," a statement in the defeasance clause of the mortgage that the lien will be void upon payment of the note with interest and attorney fees incurred in collecting "by foreclosure or otherwise," does not require the payment of attorney fees when the collection is not "by foreclosure," though the collection is made by an attorney.

Appeal from Circuit Court for Manatee County; F. M. Robles, Judge.

Decree affirmed.

*C. C. Whitaker,* for Appellant;

*Singletary & Reaves,* for Appellees.

WHITFIELD, J.—Suit was brought by the appellant

against a purchaser of the original mortgaged property, to enforce a mortgage lien upon lands for a balance of $285.21 alleged to be due on the mortgage indebtedness as principal, interest, cost and reasonable attorneys' fees. At the final hearing the bill of complaint was dismissed, and complainant appealed.

The note does not require the payment of an attorney's fee for the collection of the indebtedness. The defeasance clause of the mortgage provides that upon the payment of the "note * with interest * together with all costs, charges and expenses, including a reasonable attorney's fee," incurred "in collecting the same by foreclosure *or otherwise,"* then the mortgage shall "be absolutely null and void." There is an express covenant in the mortgage to pay the "note with interest and all costs, charges and expenses, including a reasonable attorney's fee, * in collecting the same by foreclosure." The defendants purchased the property subject to the mortgage, but did not expressly covenant to pay the amount for which the mortgage lien was given.

It appears that the mortgage was put in the hands of an attorney for collection; that payments were made to the attorney reducing the amount; that the final payment demanded was $1,949.21 for balance due as principal, interest and attorney fees; that all of this final amount demanded by the attorney was paid except $285.21, which was the amount demanded as attorney fees, and this suit is brought to enforce the payment.

The expression "or otherwise" appearing in the quotation from the defeasance clause of the mortgage should receive an *ejusdem generis* interpretation, when considered in connection with the provision for attorney's fees

when the collection is "by foreclosure."   See Words &
Phrases "Otherwise" and cases therein cited.

The terms of the defeasance clause of the mortgage
cannot be given a greater effect than is warranted by the
note secured by the mortgage or by the express covenants
contained in the mortgage.   As the note does not provide
for attorney's fees and as the express covenants of the
mortgage provide for attorney fees only when collection
is "by foreclosure," the statement in the defeasance clause
that the lien will be void upon payment of the note with
interest and attorney's fees incurred in collecting "by
foreclosure *or otherwise*," does not require the payment
of attorney's fees when the collection is not "by fore-
closure."   The balance of $285.21 sought to be enforced in
this suit is the amount of the attorney's fees claimed not
for collection "by foreclosure," but for collection made by
the attorney without "foreclosure" or other suit or action.
The demand therefore is not covered by the note or the
mortgage, and the amount claimed cannot be collected in
this suit brought to enforce the lien of the mortgage.

Decree affirmed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL, AND ELLIS,
JJ., concur.