W. P. GIFFORD, *Appellant,* v. W. W. PLUMMER *et. al., Appellees.*

Opinion Filed May 14, 1917.

1. The use of the Latin abbreviation *"et al."* in the entry of an appeal will not include anyone as a party to such appeal except those who are fully and expressly named as parties in such entry of appeal.

2. The purchase at a master's sale of real estate to whom a deed has been executed and which sale has been confirmed, is a necessary party to any proceeding instituted to set aside or vacate the order of confirmation, and is a necessary party to an appeal taken in such proceeding.

3.  Where a necessary party on an appeal has not been made such party and has not voluntarily appeared in the appellate court, the appeal must be dismissed.

Appeal from Circuit Court for Duval County; Daniel A. Simmons, Judge.

Appeal dismissed.

*David Kaufman,* for Appellant;

*S. D. McGill,* for Appellees.

Per Curiam.—W. P. Gifford filed his amended bill in chancery against W. W. Plummer and others for the enforcement of a mortgage lien.  In due course a final decree was rendered in favor of the complainant and a special master appointed and directed to sell the mortgaged premises and to make a report of his acts and doings to the court.  Such special master made his report to the court in which he stated that he had sold such mortgaged premises as directed in the decree, which sale had resulted in S. D. McGill becoming the purchaser thereof, to whom he had executed the usual master's deed of conveyance.  W. P. Gifford, the complainant, filed a petition, which he subsequently amended, wherein he sought to have the deed of conveyance so executed to McGill by the special master cancelled for reasons set forth in the petition.  An order was made by the court denying both the original and amended petition and confirming in all respects the special master's report.  From this order W. P. Gifford has entered his appeal, which appears in the transcript of the record as follows:
"W. P. Gifford,

Complainant,
vs.
"W. W. Plummer and J. Seth Hills, *et al.*,
Defendants.

"APPEAL BY W. P. GIFFORD, COMPLAINANT.

"Comes now W. P. Gifford, complainant in the above entitled cause, with his solicitor and counsel of record, David Kaufman, and appeals and takes and enters and hereby gives notice of this his appeal to the Supreme Court of the State of Florida, from that certain decree of said Circuit Court of the Fourth Judicial Circuit of the State of Florida, in and for Duval County, in Chancery, rendered on the 26th day of June, 1916, which said decree approved and confirmed the report of the Special Master reporting the sale of the mortgaged premises, and which said decree overruled and denied the relief sought by the petition to set aside sale, filed herein on June 17th, 1916, and also denied the relief sought by the amended petition filed in this cause on June 20th, 1916.

"This appeal is made returnable to the 22nd day of September, A. D. 1916.

"And the Clerk of the said Circuit Court is hereby required to record forthwith this appeal and this entry and notice of appeal in the Chancery Order Book of said Court in due accord with law.

"This the 27th day of June, A. D. 1916.

"DAVID KAUFMAN,
"Solicitor and Counsel for W. P. Gifford."

In Lowe v. DeLaney, 54 Fla. 480, 44 South. Rep. 710. we held: "The use of the Latin abbreviation '*et al.*' in the entry of an appeal will not include anyone as a party to such appeal except those who are expressly and fully named as parties in such entry of appeal; and where the

appeal is from a decree in partition all the parties to such decree must expressly and by name be made parties to such appeal, otherwise such appeal will be dismissed for want of necessary parties."

As we held in Macfarlane v. Macfarlane, 50 Fla. 570, 39 South. Rep. 995, the purchaser at a master's sale to whom a deed has been executed and which sale has been confirmed, is a necessary party to any proceeding instituted to set aside or vacate the order of confirmation. It necessarily follows that McGill, the purchaser at the master's sale, was and is a necessary party to this appeal. Not having been made such party and not having voluntarily appeared here, the appeal must be dismissed.