JAMES W. POOL AND BERTHA POOL, *Appellants*, v. EDWARD THOMAS, *Appellee*.

Division B.

Opinion Filed February 15, 1927.

Petition for Rehearing denied April 7, 1927.

An Appeal from the Circuit Court for Lake County; J. C. B. Koonce, Judge.

Reversed.

*Bishop & Buie* and *Hampton & Hampton*, for Appellants.

*B. Wofford Wait*, for Appellee.

Where a mortgage provides that it secures the payment of reasonable attorney fees if the mortgage debt is collected by foreclosure or otherwise, and the debt is collected by an attorney without foreclosure or other suit, in foreclosure proceedings brought to collect attorney fees, a decree awarding attorney fees based upon a collection of the debt by foreclosure will be reversed.

BUFORD, J.—In this case the appellee as complainant in the court below instituted proceedings to foreclose a mortgage against the defendants, which mortgage was given to secure the payment of three certain promissory notes, one note for $500.00, another note for $500.00 and the third note for $542.75.

The defeasance clause in the mortgage was as follows: "Provided always that if said martgagor, his heirs, legal representatives or assigns shall pay to the said martgagee, their legal representatives or assigns three certain promis-

sory notes, copies of which are on the reverse side hereof, and shall perform and comply with each and every stipulation, agreement and covenant of said notes and of this mortgage, then this mortgage and the estate hereby created shall be void, otherwise the same shall remain in full force and virture.''

The mortgage contained the following covenants:

''And the said mortgagor covenants to pay the interest and principal promptly when due, to pay the taxes and assessments on said property and to waive the homestead exemption.''

''Should any of the above covenants be broken, then said notes and all moneys secured hereby shall, without demand, if the mortgagees, their legal representatives or assigns so select, at once become due and payable and the mortgage be foreclosed, and all costs and expenses of collection of said moneys by foreclosure or otherwise, including solicitor's fees, shall be paid by the mortgagor, and the same are hereby secured.''

It was alleged in the bill of complaint that prior to the institution of suit the defendants had paid to the holder of the mortgage and notes a sum of money equal to the principal and accured interest on the notes and such payments had been credited on the notes, but that before the payment of the notes, the notes together with the mortgage, had been placed in the hands of an attorney for collection and complainant claimed and alleged that he was entitled to foreclose the mortgage to enforce the payment of a reasonable fee for his solicitor and foreclosure was prayed solely for the purpose of compelling the payment of the attorney's fees. Neither of the notes provided for attorney's fees. Therefore, we find that the suit was instituted to foreclose the mortgage to enforce the payment of attorney's fees in connection with the collection of the notes which had been paid prior to the institution of suit

and which contained no stipulation binding the maker to pay attorney's fees. Neither did the covenants in the mortgage provide for the payment of attorney's fees, except on the condition that the payment of the notes be enforced by ''foreclosure or otherwise.''

Final decree was entered upon decree *pro confesso* and from such final decree the defendants took their appeal to this Court.

There were twelve (12) Assignments of Error. It will only be necessary to consider the 5th and 6th Assignments of Error, which are as follows:

''5. The Circuit Judge erred in not dismissing the Bill of Complaint at Final Hearing, the said Bill on its Face, disclosing the fact that same was wholly without Equity.

6. The Circuit Judge erred in Decreeing and holding that the words 'and all costs and expenses of collection of said moneys by foreclosure or otherwise, including attorney's fees, shall be paid by the mortgagor, and the same are hereby secured', bound the mortgagors to pay attorney's fees, even though the principal and interest secured by said mortgage and evidenced by the notes sued on had prior to suit had been paid off, satisfied and discharged.''

In the case of Rossler v. Armstrong, *et al.*, 69 Fla. 1, 67 Sou. 229, this Court says:

''Where the note does not provide for attorney's fees, and the express covenants of the mortgage, given to secure the payment of the note, provide for attorney's fees only when collection is 'by foreclosure' a statement in the defeasance clause of the mortgage that the lien will be void upon payment of the note with interest and attorney fees incurred in collecting 'by foreclosure or otherwise' does not require the payment of attorney's fees when the collection is not 'by foreclosure', though the collection is made by an attorney.''

While in that case the right to recover attorney's fees by

forsclosure was claimed because of the provisions contained in the defeasance clause that the estate created should become void upon the payment of note  *  *  *  with interest  *  *  *,  together with all costs, charges and expenses including a reasonable attorney's fee incurred in collecting the same by foreclosure or otherwise, the same rule of construction which applied there should be applied in this case and the expression "or otherwise" appearing in the quotation from a covenant contained in the mortgage should, as in that case, receive an *ejusdem generis* interpretation when considered in connection with the provision for the payment of attorneys fees when the collection is by foreclosure.   See Words and Phrases "Otherwise", and cases there cited.

This phrase is not equivalent to a covenant to pay attorneys fees in the event that the mortgage and notes are placed in the hands of an attorney for collection, but must be construed to mean a covenant to pay attorneys fees in the event that the mortgagee elects to institute foreclosure or other legal proceedings to enforce collection.

The bill alleges that prior to the institution of the suit the mortgagors had paid to the legal holder of the mortgage a sum of money equal to the principal and interest obligated in the notes to be paid and does not allege that any legal action had been instituted prior to such payment by foreclosure or otherwise to enforce the payment of the amount of the note secured by the mortgage.

Therefore, the decree in this case should be reversed and the bill of complaint should be dississed and it is so ordered.

Reversed.

ELLIS, C. J., concurs.

TERRELL, J., agrees to conclusion.

WHITFIELD, TERRELL AND BROWN, J. J., concur specially.

STRUM, J., dissents.

WHITFIELD, J., Concurring.—Even if the provision following the defeasance clause of the mortgage that "all costs and expenses of collection of said moneys by foreclosure or otherwise, including solicitor's fee, shall be paid by the mortgagor, and the same are hereby secured," may be regarded as a covenant to pay "solicitor's fees." as "expenses of collection" when the indebtedness secured by the mortgage was paid without foreclosure, the decree in this case is to enforce the payment of solicitor's fees based on the amount of the debt and upon a foreclosure that was not had.

TERRELL AND BROWN, J. J., concur.

## ON REHEARING.

### Opinion Filed April 7, 1927.

1. The rule that a purchaser at a Master's sale to whom a deed has been executed and which sale has been confirmed, is a necessary party to any proceedings instituted to set aside or vacate order of confirmation is not jurisdictional, and when the Court has had a case presented on the merits and the case shall have been finally disposed of before the contention in regard to a lack of proper parties is raised by proper motion the Court is not bound to apply such rule, but may allow its judgment to stand as for or against those parties who are properly before the Court and whose interests have been adjudicated.

Denied.

*Bishop & Buie* and *Hampton & Hampton,* for Appellants;

*B. Wofford Wait,* for Appellee.

PER CURIAM.—On petition for rehearing the appellee insists that this case should be dismissed because Charles M. Pool, purchaser at the foreclosure sale, was not made a party to the appeal and cites the case of Gifford v. Plummer *et al.,* 73 Fla. 1065, 75 Sou. 536, in which it was held:

"The purchaser at a Master's sale, to whom a deed has been executed, and which sale has been confirmed, is a necessary party to any proceedings instituted to set aside or vacate the order of confirmation."

This is a judicial rule which will be adhered to when timely motion is made bringing the necessary facts to the attention of the Court. The rule is to prevent multiplicity of appeals and to avoid determining litigation by piecemeal. The rule is not jurisdictional, however, and when the Court has had a case presented on the merits and the case shall have been finally disposed of before the contention in regard to a lack of proper parties is raised by proper motion the Court is not bound to apply the rule stated in Gifford v. Plummer, *et al., supra,* but may allow its judgment to stand as for or against those parties who are properly before the Court and whose interests have been adjudicated.

The motion for re-hearing is denied.

All concur.