MILLS, Judge.
In this workers' compensation action, Lee appeals the deputy commissioner’s ruling that Lee is not entitled to benefits because he was an independent contractor at the time of the accident. We affirm.
Lee and his partner, Price, performed together as a musical team called Side-by-Side. On 25 January 1982, Lee and Price entered into a written contract with King, owner of the Casablanca restaurant, for Side-by-Side to perform at Casablanca from 2 February 1982 through 27 February 1982. The contract specifically provided that Lee and Price were independent contractors.
Following the February engagement at Casablanca, Lee and Price performed at another establishment but returned to Casablanca in May 1982 and performed there until 4 July 1982. There was no written agreement concerning this second engagement at Casablanca. Instead, Side-by-Side performed pursuant to an oral agreement with Casablanca under substantially the same terms as provided in the prior written contract.
While performing at Casablanca on 12 June 1982, a ceiling fan fell on Lee’s head causing multiple injuries. Lee filed a workers’ compensation claim on 2 December 1982. The employer/carrier controverted the claim contending Lee was an independent contractor.
Both Lee and King testified at a hearing on 24 May 1983. Following the hearing, the deputy commissioner issued an order finding Lee was an independent contractor at the time of the accident and therefore was not entitled to benefits.
*953 The uncontroverted testimony disclosed that Lee and Price selected their own music, bought and cleaned their own stage costumes, furnished their own instruments, chose the name for their act, and were not expected to perform duties apart from their musical performances. This was enough evidence for the deputy commissioner to find that Lee enjoyed by an independent contractor. See La Grande v. B & L Services, Inc., 432 So.2d 1364 (Fla. 1st DCA 1983).
We reject Lee’s contention that only musical performers defined as independent contractors by Section 440.02(2)(d)l, Florida Statutes (1981), can be independent contractors for purposes of the workers’ compensation laws.
Section 440.02(2) provides in pertinent part:
(d) The term “employee” does not include:
1. An independent contractor, including:
a. An individual who agrees in writing to perform services for a person or corporation without supervision or control as a real estate salesman or agent, if such service by such individual for such person or corporation is performed for remuneration solely by way of commission;
b. Bands, orchestras, and musical and theatrical performers, including disk jockeys, performing in licensed premises as defined in chapter 562, provided that a written contract evidencing an 'independent contractor relationship is entered into prior to the commencement of such entertainment;
Clearly, the legislature did not intend to limit the definition of independent contractor to those who work solely by way of commission (Section 440.02(2)(d)l.a.), and to musical and theatrical performers (Section 440.02(2)(d)l.b.). Construction of a statute which would lead to an absurd or unreasonable result should be avoided. State v. Webb, 398 So.2d 820 (Fla.1981). The proper interpretation of Section 440.-02(2)(d)l is that independent contractors include, but are not limited to, those individuals described in subparagraphs a and b.
Lee also contends admission into evidence of the written contract between Side-by-Side and Casablanca was error. The prior written contract, while not controlling, was probative of the terms of the subsequent oral agreement and was therefore relevant. The deputy commissioner properly admitted it into evidence.
AFFIRMED.
McCORD, GUYTE R, Jr., (Ret.), Associate Judge, concurs.
WENTWORTH, J., concurs specially with opinion.