518 So.2d 386 (1987)
CERTAIN LANDS upon which special assessments are delinquent, Appellants,
v.
CITY OF ALACHUA, a municipal corporation existing under the Laws of the State of Florida, Appellee.
No. BR-425.
District Court of Appeal of Florida, First District.
December 29, 1987.
*387 H. Stephen Pennypacker of Birr, Bryant, Saier & Ross, P.A., Gainesville, for Altamese Cook and Larry Saunders, appellants.
S. Scott Walker of Watson, Folds, Steadham, Christmann, Brashear & Tovkach, Gainesville, for appellee.
JOANOS, Judge.
Property owners of parcels of real property subject to a City of Alachua (City) special sewer improvement assessment appeal an award of attorney's fees and costs assessed against them in connection with a foreclosure action to collect the special assessment. The sole issue in this appeal is whether the parcels subject to foreclosure should be assessed an award of attorney's fees and costs pursuant to section 173.08, Florida Statutes (1985), based upon all fees and costs incurred in the entire collection process. We reverse.
On May 1, 1984, counsel for the City began a title search of 136 parcels of real property subject to the special sewer improvement assessment. On January 30, 1986, counsel began preparation of the complaint for foreclosure. At that point, that is, before the foreclosure process commenced, counsel for the City had expended 180.6 hours in the collection process, which time included research of the parcels not subject to foreclosure.
On April 1, 1986, the City filed its foreclosure complaint against seventeen of the original 136 parcels. On May 7, 1986, the property owners filed their answer and affirmative defenses. The property owners maintained that attorney's fees and costs should be apportioned among all parcels of land involved, and should not be limited to those parcels subject to suit.
On January 18, 1987, the trial court entered summary final judgment in favor of the City, and awarded attorney's fees and costs to be assessed against the seventeen parcels subject to foreclosure, based upon the total time (228.4 hours) expended by the City's counsel in the special assessment collection process. Counsel's affidavit reflects that 47.8 hours were expended in the foreclosure suit; the other 180.6 hours were expended in research directed to all 136 parcels.
*388 Resolution of this case turns upon construction of the attorney's fee provision of section 173.08, Florida Statutes (1985). Section 173.08(1) states:
(1) In all cases where the cause may be decided for complainant, the judgment for delinquent taxes, tax certificates and special assessments against any parcel of land shall include the principal of, and interest and penalties on such taxes, tax certificates and special assessments, the costs of the suit and a reasonable attorney's fee; such costs and attorney's fee to be apportioned among and charged against the various parcels of land involved in proportion to the amount of taxes, tax certificates and special assessments adjudged against such respective parcels of land.
We find the statute is somewhat ambiguous with respect to apportionment of attorney's fees. Therefore, we rely on principles of statutory construction as an aid to resolution of the question before us. See Holly v. Auld, 450 So.2d 217, 219 (Fla. 1984), citing A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 1144, 137 So. 157, 159 (1931).
The primary purpose of statutory interpretation is to determine, and thereby give effect to, legislative intent. That intent should be determined by a consideration of the statute in its entirety  "the evil to be corrected, the language of the act, including its title, the history of its enactment, and the state of the law already bearing on the subject." State v. Webb, 398 So.2d 820, 824 (Fla. 1981), quoting Foley v. State, 50 So.2d 179, 184 (Fla. 1951) (emphasis in the original). Due weight and effect must be given to the title, as constituting a direct statement by the legislature of its intent. Webb, 398 So.2d at 825.
While the language of the statute should be accorded its common everyday meaning, Priest v. Plus Three, Inc., 447 So.2d 338, 339 (Fla. 4th DCA), review denied, 453 So.2d 44 (Fla. 1984), that language should not be interpreted literally when to do so would lead to an unreasonable or absurd result. Holly v. Auid; Lee v. Casablanca Restaurant, 447 So.2d 951 (Fla. 1st DCA 1984). In the event two or more interpretations could reasonably be given a statute, the meaning "that will sustain its validity should be given and not the one that would destroy the purpose of the statute." City of St. Petersburg v. Siebold, 48 So.2d 291 (Fla. 1950). Finally, since statutes authorizing an award of attorney's fees are in derogation of the common law, they must be strictly construed. Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982); Nolan v. Altman, 449 So.2d 898 (Fla. 1st DCA 1984), petition for review denied, 458 So.2d 271 (Fla. 1984).
An examination of the language of section 173.08 indicates that the statute does not, in express terms, limit the attorney's fees recoverable under the statute to those fees incurred in relation to the foreclosure suit nor does it, in express terms, state that the fees shall pertain to work expended prior to default. The language pertinent to the award of costs and fees states that 
the judgment for ... special assessments against any parcel of land shall include ... the costs of the suit and a reasonable attorney's fee; such costs and attorney's fee to be apportioned among and charged against the various parcels of land involved in proportion to the amount of ... special assessments adjudged against such respective parcels of land.
We believe the juxtaposition of the phrases "costs of the suit" and "a reasonable attorney's fee," together with the use of "and" as connector in the first clause, is an indicator of legislative intent to limit the recovery of attorney's fees and costs to just that attorney time expended and costs incurred in the foreclosure suit.
Chapter 173 is a statutory scheme for enforcement of municipal taxes and special assessments. The statutes contemplate foreclosure as an enforcement tool, which foreclosure suit, in the case of a special assessment, may be brought one year from the date the special assessment becomes due and payable. § 173.03(1)(c), Fla. Stat. (1985). The title of what is now Chapter *389 173 indicates the statute was enacted to provide a supplemental, additional, optional, and alternative method of enforcing tax liens and special assessments. Ch. 15038, Laws of Fla. (1931).[1] With the exception of two minor changes, section 173.08 has remained the same since its adoption.[2]
Although section 173.08 does not state expressly that attorney's fees recoverable under the statute are to be limited to expenses incurred in connection with the foreclosure action, we believe such intent is implicit in light of the meaning generally accorded to the term "costs" when used in connection with a suit for foreclosure. Black's Law Dictionary 312 (rev. 5th ed. 1979), defines "costs" as:
A pecuniary allowance made to the successful party (and recoverable from the losing party), for his expenses in prosecuting or defending an action or a distinct proceeding within an action... . Generally, "costs" do not include attorney fees unless such fees are by a statute denominated costs or are by statute allowed to be recovered as costs in the case... .
Thus, the common overall meaning accorded to "costs" in the context of a lawsuit is the expense incurred in prosecuting or defending an action. Those costs or expenses will include attorney's fees where, as in the instant case, attorney's fees are by statute allowed to be recovered in the judgment. An interpretation of section 173.08 which denominates as recoverable all the time expended in filing special assessment notices more than a year prior to institution of foreclosure proceedings would, in our judgment, constitute an impermissible extension of the "reasonable and obvious implications" of the statutory language. Holly v. Auld, 450 So.2d at 219. Further, such an interpretation would be contra to the principle that statutes authorizing attorney's fees are to be strictly construed.
The City's reliance on Pool v. Thomas, 93 Fla. 285, 111 So. 625 (1927), seems inapposite. In that case, a mortgage contract provided that all costs and expenses of foreclosure would be paid by the mortgagor. In Pool, the supreme court found the foreclosure suit was instituted in order to exercise the contract clause permitting attorney's fees in the event collection was by foreclosure. Since the mortgage had been paid prior to filing of suit, the decree awarding attorney's fees was reversed. In this case, unlike the situation in Pool, the City sought to recover pre -foreclosure attorney's fees, in addition to those fees and costs related to the foreclosure action.
The City acknowledges that it could not collect attorney's fees and costs before filing the foreclosure complaint. § 173.04, Fla. Stat. (1985). In the event all special assessments had been paid in a timely manner, there would have been no foreclosure suit, hence no authority to apportion fees and costs. We find it would be inconsistent to recognize on the one hand that the City is without authority to assess attorney's fees and costs if there are no delinquencies, and to hold on the other hand that the circumstance of some delinquencies entitles the City to recover all attorney's fees incurred in connection with the entire special assessment process from just those parcels subject to foreclosure. Such an interpretation would constitute not only an impermissible extension of the statutory language, but also would interject the possibility of denial of due process.
*390 In summary, we conclude that the language of section 173.08(1) implicitly evinces legislative intent that only those attorney's fees and costs attributable to the foreclosure action may be charged against the parcels subject to foreclosure. Our examination of the record in this case reveals that the costs incurred in connection with the suit for foreclosure were apportioned properly among the parcels subject to foreclosure. However, these same parcels were assessed attorney's fees which encompassed attorney time expended prior to foreclosure. The assessment of attorney's fees for time expended prior to foreclosure was improper.
Therefore, we reverse the summary final judgment of foreclosure, and remand with directions to limit assessment of the award of attorney's fees to the attorney time expended in the foreclosure suit.
SMITH, C.J., concurs.
WENTWORTH, J., dissents with opinion.
WENTWORTH, J., dissenting.
I would affirm because the statute provides for assessment of fees for all services essential to the foreclosure judgment. Certainly foreclosure could not have been prosecuted without the preliminary procedures mandated by law. The record does not contain proof that the legal work rendered prior to litigation would in fact have been less in time or scope if only the litigated parcels had been involved. I would conclude that the trial court therefore properly included those services as a part of the basis for authorized fees.
NOTES
[1] Ch. 15038, Laws of Fla. (1931), is entitled:

AN ACT Relating to the Enforcement of Taxes and/or Special Assessments and Interest and Penalties Thereon Imposed by Any Incorporated City or Town in the State of Florida; Providing a Supplemental, Additional, Optional and Alternative Method of Enforcing Such Tax Liens and/or Special Assessments and Interest and Penalties Thereon by Suit in Chancery in the Nature of a Proceeding in Rem Against the Lands Upon Which Such Taxes and/or Special Assessments Constitute Liens; and Prescribing the Practice, Pleading and Procedure in Such Suits and Authorizing the Allowance of Reasonable Attorney's Fees Therein.
[2] In 1931, the relevant portion of the act included the term "and/or," rather than the present use of "and" as connector; in 1967 the first and second paragraphs were numbered subsections (1) and (2).