Bill Walker School Board Attorney School Board of Brevard County
QUESTION: Are meetings of a district school board at which confidential material is discussed, such as student expulsion hearings conducted by the school board, subject to the Government in the Sunshine Law, s. 286.011, F.S.?
SUMMARY: Meetings of the district school board at which confidential material is discussed are subject to the Government in the Sunshine Law in the absence of a statute exempting such meetings.
The superintendent for the school district is responsible for reviewing and modifying recommendations for the suspension and expulsion of students and for transmitting to the school board for action recommendations regarding the expulsion of pupils.[1]
Section 230.23(6)(c), F.S. (1990 Supp.), however, provides that the school board shall decide all cases recommended for expulsion.[2] During the meeting of the school board to decide whether to expel a pupil, confidential material from the pupil's educational records may be discussed. You, therefore, ask whether meetings of the school board at which confidential or exempt material is discussed are subject to the Government in the Sunshine Law.
Section 228.093(3)(d), F.S. (1990 Supp.), provides that each student shall have a right of privacy with respect to the educational records kept on him. Personally identifiable records or reports of a pupil and any personal information contained therein are confidential and exempt from s. 119.07(1), F.S. The statute further provides that no state or local educational agency shall permit the release of such records, reports or information without the written consent of the pupil's parent or guardian, or the pupil, if qualified.
Section 286.011, F.S., the Government in the Sunshine Law, requires that the meetings of public boards or commissions be open to the public. The fact that a board or commission is acting in a quasi-judicial capacity does not remove it from the ambit of s.286.011, F.S. Thus, the Supreme Court of Florida in Canney v. Board of Public Instruction of Alachua County,[3] held that a school board meeting to consider the suspension of a student was subject to the Sunshine Law even though the board was acting in a "quasi-judicial" capacity.
The Supreme Court of Florida has also held that in the absence of a statute exempting a meeting in which privileged material is discussed, S. 286.011, F. S., should be construed as containing no exceptions.[4] This office, therefore, has consistently stated that exemptions to or exemptions from Ch. 119, F.S., do not by implication allow a public agency to close a meeting in which exempted material is to be discussed in the absence of a specific exemption.[5]
Several district courts in reviewing specific exemptions, however, have held that certain proceedings may be closed when considering confidential material. For example, in Marston v. Gainesville Sun Publishing Co., Inc.,[6] the court held that the proceedings of a student honor court during which confidential records were discussed were closed to the public. The court concluded that the later, more specific expression of the legislative intent that the records be closed controlled, therefore, the court held that meeting in which such records were considered were not subject to s. 286.011. F.S.[7]
During the 1991 legislative session, however, the provisions of s.119.07(5), F.S., were amended by Ch. 92-219, Laws of Florida, to clearly provide:
 An exemption from [s. 119.07] does not imply an exemption from or exception to s. 286.011. The exemption from or exception to s. 286.011 must be expressly provided.[8]
Chapter 91-219, supra, is entitled "[a]n act relating to public records and meetings; amending s. 119.07, F.S., providing that exemptions from the public records law do not imply exemptions from or exceptions to the public meetings law. . . . "[9]
The staff analysis for the act states that "the public records law would be amended to clarify that an exemption from the public meetings law, and that exemptions to the public records law must be specifically provided in the Florida Statutes.[10]
In light of the revision to s. 119.07(5), F.S. 1991, which constitutes the latest expression by the Florida Legislature on this issue, I am of the opinion that exceptions to or exemptions from Ch. 119, F.S., do not by implication allow a public agency to close a meeting in which exempted material is to be discussed in the absence of a specific exemption. Therefore, meetings of the district school board are subject to the requirements of s.286.011, F.S., in the absence of a specific exemption from the statute even though confidential material may be discussed.[11]
Section 228.093(3)(c), F.S. (1990 Supp.), however, provides a parent or guardian of the pupil has the right to challenge the content of any record or report to which he or she has been granted access in order to ensure that the record or report is not inaccurate, misleading or otherwise a violation of the pupil's privacy rights. If the parties cannot reach an agreement regarding the challenged material, either party can request a hearing. Section 228.093(3)(c), F.S. (1990 Supp.), specifically provides that "[u]pon the request of the parent, guardian, pupil, or student, the hearing shall be exempt from the requirements of s. 286.011."
To the extent that the school board is conducting a hearing on a challenge to the material contained in the pupil's educational records, s. 228.093(3)(c), F.S. (1990 Supp.), would appear to authorize the meeting to be closed upon the request of the pupil or his parent or guardian.
RAB/tjw
[1] See, s. 230,33(8)(c), F.S., which further provides that the superintendent, when recommending expulsion to the school board, shall give written notice to the pupil and his parent or guardian of the recommendation, setting forth the charges against the pupil and advising the pupil and his parent or guardian of his right to due process as prescribed by s. 120.57(2), F.S.
[2] The statute also authorizes district school boards to adopt rules and regulations for the control, discipline, suspension, and expulsion of pupils.
[3] 278 So.2d 260 (Fla. 1973)
[4] City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971).
[5] See, AGO's 80-78, 80-99, and 83-52. Such a conclusion was based on the decision of the Supreme Court in city of Miami Beach v. Berns, supra, and the language of s.119.07(5), F.S. 1989, which formerly provided that "[n]othing in subsection (3) [s. 119.07(3) which provides for exemptions from the disclosure provisions of Ch. 119] shall be interpreted as providing an exemption from or exception to s. 286.011."
[6] 341 So.2d 783 (1 D.C.A. Fla., 1976).
[7] And see, Capeletti Brothers, Inc. v. Department of Transportation, 499 So.2d 855 (1 D.C.A. Fla., 1986), cert.denied, 509 So.2d 1117 (Fla. 1987), in which the court held s.286.011, F.S., was inapplicable to meetings of a bid review committee of the Department of Transportation since application of the Sunshine Law to these meeting would conflict with a later and more specific statutory exemption to s. 119.07, F.S.
[8] Section 1, Ch. 91-219, Laws of Florida. Pursuant to s. 4 of Ch. 91-219, the act shall take effect upon becoming law. Chapter 91-219 was signed by the Governor on May 29, 1991.
[9] See, Certain Lands v. City of Alachua,518 So.2d 386 (1 D.C.A. Fla., 1987) (due weight and effect must be given to the title as constituting a direct statement by the Legislature of its intent in enacting a statute).
[10] Staff Analysis, Committee on Governmental Operations, Florida House of Representatives, dated March 18, 1991.
[11] This office has been informed that the Department of Education, in light of the amendment to s. 119.07(5), F.S., concurs in the conclusion.