Neal D. Brown County Attorney Osceola County
QUESTION: May the county pass an ordinance requiring hotels to register their employees and obtain criminal history records of employees and requiring hotel employees to carry an identification card during work hours?
SUMMARY: Section 125.581, F.S., prohibits the county from adopting an ordinance requiring hotels to register their employees with the sheriff's office and screen their backgrounds, and requiring hotel employees to carry an identification card during work hours.
You have provided a draft of an ordinance by Osceola County which would require hotel owners to register their employees with the Sheriff of Osceola County. Such registration would include personal information, a photograph and fingerprints of the hotel employees. Furthermore, hotel owners would be required to obtain a local criminal records check. Hotel owners would pay for the registration and criminal records check, but would be reimbursed by the employee after the employee starts work. Upon registration, hotel employees would be issued identification cards which they would be required to carry during working hours.
Section 125.581, F.S., provides:
 (1) Except as authorized by law, no county or municipality shall enact or enforce any ordinance, resolution, rule, regulation, policy, or other action which requires the registration or background screening of any individual engaged in or applying for a specific type or category of employment in the county or municipality or requires the carrying of an identification card issued as a result of such registration or screening, whether or not such requirement is based upon the residency of the person. However, an ordinance that regulates any business, institution, association, profession, or occupation by requiring background screening, which may include proof of certain skills, knowledge, or moral character, is not prohibited by this section, provided that such regulation: (a) Is not preempted to the state or is not otherwise prohibited by law: (b) Is a valid exercise of the police power; (c) Is narrowly designed to offer the protection sought by the county or municipality; and (d) Does not unfairly discriminate against any class of individuals. (2) This act shall not be construed to prohibit any employer, including a local government, from investigating the background of employees or prospective employees or from requiring employees to carry an identification card or registration card.
Thus, the plain language of the statute prohibits a county from requiring that hotel employees register with the sheriff's office, have background checks, and carry identification cards during work hours. There is no prohibition, however, against an ordinance which regulates a business, institution, profession, or occupation by requiring screening for proof of certain skills, knowledge, or moral character as prerequisite of engaging in a certain type of employment.
The types of businesses which are subject to such regulation are not enumerated in s. 125.581, F.S., yet the Legislature in the preamble to its enacting legislation recognized that here were legitimate reasons for local governments to require background screening and registration of employees of certain businesses, "such as the adult entertainment business . . . ."[1] It does not appear that the hotel business, in general, would fall within the same category as an adult entertainment business. Moreover, the preamble to Ch. 86-259, Laws of Florida, in part, provides:
WHEREAS, some local governments have enacted an ordinance that requires persons "employed in any nightclub, any place handling liquor, beer or wine in any form, places of amusement, hotels, rooming houses, apartment houses . . . janitors . . . domestic servants . . ." to register with and be fingerprinted and photographed by the police within 48 hours from the time of their employment; an ordinance requiring employers to require such employees to register; and identification card issued; and an ordinance authorizing a fee to be charged for such registration . . . . (e.s.)
Hotels, therefore, are specifically named in the preamble as one of the types of employment for which registration and screening are prohibited.[2] I would also note that during the 1991 Legislative Session, two bills were introduced to amend s.125.581, F.S., to allow ordinances which require the carrying of an identification card or regulate businesses by requiring registration or background screening.[3] Neither bill passed.
Prior to the enactment of s. 125.581, F.S., the Town of Palm Beach had an ordinance requiring employees in certain occupations, including hotels, to register with the chief of police, be fingerprinted, photographed and obtain identification cards. In Wallace v. Town of Palm Beach,[4] the ordinance was struck down since the burden it imposed on commerce was excessive in relation to the legitimate local interest. The Wallace
court noted that there was a less drastic alternative available by replacing the mandatory public registration system with a voluntary, private registration system. In response to theWallace decision, the Legislature enacted s. 125.581, F.S.[5]
Accordingly, it is my opinion that s. 125.581, F.S., would prohibit the proposed ordinance requiring hotel employees to be registered with the sheriff's office, to undergo a background screening, and to carry identification card during work hours.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Ch. 86-259, Laws of Florida.
[2] See, Certain Lands v. City of Alachua,518 So.2d 386, 388 (1 D.C.A. Fla., 1987) (evil to be corrected and the language of the act, including its title, is to be considered in determining legislative intent).
[3] Senate Bill 1490, Florida Senate 1991 and House Bill 1423, Florida House of Representatives 1991.
[4] 624 F. Supp. 864 (S.D.Fla., 1985).
[5] See, Staff Analysis, House of Representatives Committee on Community Affairs, House Bill 133, September 19, 1985.