698 So.2d 1371 (1997)
LEE COUNTY, Florida, a political subdivision of the State of Florida, Appellant,
v.
GALAXY FIREWORKS, INC., a Florida Corporation, Appellee.
No. 96-04504.
District Court of Appeal of Florida, Second District.
September 17, 1997.
*1372 James G. Yeager, Lee County Attorney, and John S. Turner, Assistant Lee County Attorney, Fort Myers, for appellant.
Terrance F. Lenik of Allen, Knudsen & DeBoest, P.A., Fort Myers, for appellee.
NORTHCUTT, Judge.
Lee County contests certain costs awarded to Galaxy Fireworks, Inc. after Galaxy successfully challenged a county ordinance in circuit court. We agree that the disputed costs were not authorized, and reverse.
The county first complains that Galaxy should not have been awarded three expert witness fees. We begin with the premise that costs are expenses incurred in prosecuting or defending an action. Certain Lands v. City of Alachua, 518 So.2d 386, 389 (Fla. 1st DCA 1987). They are awardable only as provided by statute or rule. Israel v. Lee, 470 So.2d 861 (Fla. 2d DCA 1985). Section 92.231(2), Florida Statutes (1995), permits expert witness fees to be taxed as costs. The statute, however, defines an expert witness as one who offers himself or herself as an expert witness in a civil action, and is permitted to testify. § 92.231(1), Fla. Stat. (1995). None of these witnesses testified at the civil trial in this case. Florida Rule of Civil Procedure 1.390(c) also provides that an expert witness whose deposition is taken shall be allowed a witness fee, but, again, none of these witnesses was deposed.
Galaxy does not contend that either section 92.231 or rule 1.390 authorizes fees for these witnesses. Instead, it claims that fees were properly taxed for two of the experts because they testified before the Lee County Commission when it was considering whether to adopt the ordinance that Galaxy later challenged in the circuit court proceeding, and a transcript of the commission proceeding was introduced in the civil case. Galaxy asserts that fees for the third expert were awardable because it prepared him to testify at a hearing on Lee County's motion for rehearing, although he never actually testified. We reject Galaxy's positions on all three expert witnesses. Galaxy does not refer *1373 us to a rule or statute that would authorize an award of fees under these circumstances, nor have we found any. The trial court abused its discretion in awarding expert witness fees of $682.00 to Benjamin Withers & Associates, $2,000.00 to Pyrolabs, Inc. and $695.00 to Tom Egan. Therefore, we reverse that portion of the cost award.
Lee County next challenges the court's decision to award, as a cost in the civil action, the $700.00 filing fee Galaxy paid to institute an administrative appeal of the county's denial of its application for a tent permit to sell fireworks. As with the other costs, court costs are taxable only if authorized by statute or rule. Lake Region Paradise Island, Inc. v. Graviss, 323 So.2d 610, 612 (Fla. 2d DCA 1975). The Lee County Hearing Examiner dismissed the appeal after determining that she had no jurisdiction to decide the constitutional issues Galaxy raised. Galaxy then filed its declaratory action in circuit court. This was, however, an entirely new proceeding; the circuit court was not acting in an appellate capacity to review the hearing examiner's determination. The fee paid to pursue the administrative appeal was not an expense incurred in prosecuting the civil action. See Certain Lands, 518 So.2d at 389. No rule or statute permits recovery of costs incurred in an administrative appeal that was not a part of the civil action. See §§ 57.021, 57.041, Fla. Stat. (1995). Accordingly, we reverse the trial court's award of $700.00 for the administrative appeal filing fee.
Reversed and remanded.
DANAHY, A.C.J., and THREADGILL, J., concur.